UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mercedes Benz of St. Clair Shores,

        Plaintiff,        Case No. 19-13473

v.        Judith E. Levy
        United States District Judge

Internal Revenue Service,

        Mag. Judge Anthony P. Patti

        Defendant.

_____/

**<u>OPINION AND ORDER GRANTING MOTION TO DISMISS [10]</u>**

This case arises out of the same facts presented to this Court in Eastern District of Michigan case no. 19-cv-11954 (hereinafter, "Mercedes I"), which this Court dismissed on December 20, 2019. As the defendants did in Mercedes I, Defendant here argues that this Court does not have jurisdiction over this case and seeks dismissal. (ECF No. 10.) Specifically, Defendant Internal Revenue Service ("IRS") argues that since it commenced administrative forfeiture proceedings under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, Plaintiff must set forth any arguments against the forfeiture through those proceedings and not here. (*Id.* and see ECF No. 14.) The IRS is correct.

For the reasons set forth below, Defendant's motion to dismiss is granted and this case is dismissed with prejudice.

## I. Background

Plaintiff is a car dealership. In early summer 2019, an individual wanted to purchase a Rolls Royce Wraith from Plaintiff. (ECF No. 1, PageID.2.) The purchaser provided a $47,500.00 down payment in cash to secure purchase of the vehicle following approval of his financing application. Because Plaintiff received cash from the purchaser, it filed an IRS form 8300 and forwarded it to Defendant. To effectuate the sale, Plaintiff purchased the Wraith from a third party for $169,300.00. Soon after, the purchaser informed Plaintiff that he no longer wanted to purchase the vehicle. He requested that Plaintiff refund the $47,500.00 and Plaintiff refused.

Mercedes I informed the Court[1] that in June 2019, the government served Plaintiff with a warrant for $47,500.00. Plaintiff refused to

---

[1] "When a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Although the facts cited here are not necessary for resolving this motion, they are obtained from the public court docket and are set forth here for context.

2

comply. The government then obtained a second seizure warrant on June 28, 2019, this time directed at Plaintiff's bank, Chase, for the same amount. On or around July 1, 2019, Chase froze $47,500.00 from Plaintiff's account and sent a certified check to Defendant for that amount.

That same day, Plaintiff filed its complaint in Mercedes I. The government commenced separate administrative forfeiture proceedings under the CAFRA on July 17, 2019, which was assigned to Judge Gershwin A. Drain. *See United States v. Currency $47,500 from JP Morgan Chase Bank Account No. xxxxx3957*, E.D. Mich. Case No. 19-13329 ("the CAFRA proceedings"). CAFRA authorizes the government to seize and forfeit any property involved in a transaction or attempted transaction in violation of certain criminal statutes after obtaining a seizure warrant under Federal Rule of Criminal Procedure 41(a). 18 U.S.C. § 981(a),(b).

On August 17, 2019, Plaintiff responded to the CAFRA notice of intent by filing an administrative claim in those proceedings. Thus, as of August 2019, there were two separate proceedings regarding the seizure

3

of the $47,500.00: Mercedes I before this Court, and the CAFRA proceedings before Judge Drain.

On December 20, 2019, this Court dismissed Mercedes I for lack of jurisdiction, finding that since Plaintiff had been served with the government's notice of intent to initiate the CAFRA proceedings, it could not pursue a separate action challenging those proceedings. (Case No. 19-cv-11954, ECF No. 20.) But in the meantime, Plaintiff filed this case against Defendant on November 22, 2019 regarding the same subject matter.

## II. Legal Standard

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Analysis

The government correctly argues that this Court does not have jurisdiction to hear this case for the same reasons set forth in Mercedes I. (No. 19-cv-11954, ECF No. 20.) There, the Court set forth the reasons for dismissal, which are incorporated, adopted, and set forth as follows:

> The government correctly argues that this Court does not have jurisdiction to hear this case regarding the same subject matter as the CAFRA proceedings. In *Matthews v. Drug Enf't Admin.*, 629 Fed. App'x 723 (6th Cir. 2015), the Sixth Circuit upheld the district court's dismissal of the plaintiff's separate action against the government challenging a forfeiture because the plaintiff received a notice of intent under CAFRA. There, the Court held that the only way that the plaintiff could pursue a separate case contesting the forfeiture would be if the plaintiff had been entitled to receive notice of intent but did not receive it. *Id.* at 726 (citing 18 U.S.C. § 983(e)(1)). But since the *Matthews* plaintiff did receive the notice of intent, dismissal of the plaintiff's case was appropriate.

5

> In this case, Plaintiff received the government's notice of intent under CAFRA, which the government sent on July 17, 2019. (ECF No. 11-1.) Under *Matthews*, this is dispositive. Plaintiff not only received notice, it also availed itself of its right under CAFRA to file a claim on August 6, 2019. 18 U.S.C. § 983(a)(2)(A)–(C). (ECF No. 11-2.)
>
> Further, it does not matter in this analysis that Plaintiff filed its case before the government initiated the CAFRA proceedings. Indeed, the same order of proceedings occurred in *Matthews*. *See Matthews*, 629 Fed. App'x at 727; *see also $8,050 in U.S. Currency v. U.S.*, 307 F. Supp. 2d 922, 926–27 (N.D. Ohio 2004) (declining to allow a plaintiff to bypass the statutory procedures where the government brought civil forfeiture actions, even if the civil forfeiture action was brought after plaintiff already instituted her separate legal complaint.)
>
> Moreover, even if Plaintiff had not participated in the administrative forfeiture proceedings, it still would not be permitted to pursue this case. *See, e.g., In re $20,000 in U.S. Currency*, 523 Fed. App'x 322, 323 (6th Cir. 2013) (per curiam) (holding that the property owner was not entitled to relief under CAFRA because he received notice and failed to properly file a claim); *United States v. King*, 442 Fed. App'x 212, 213 (6th Cir. 2011) (per curiam) (holding that property owner was not entitled to relief under CAFRA because he was "given sufficient notice of the administrative forfeiture proceeding through certified mail").

(*Id*. at PageID.209–211.)

6

Unique to this case is Plaintiff's argument that Defendant "has not SERVED Plaintiff with the civil forfeiture action." (ECF No. 13, PageID.99.) However, a review of the docket in the CAFRA proceedings demonstrates that Plaintiff has not only been served but filed both an amended answer and a counter-claim. (No. 19-cv-13329, ECF Nos. 5-7.)

In sum, the proper forum for Plaintiff to challenge the forfeiture is in the CAFRA proceedings before Judge Drain; not here. Accordingly, Defendant's motion to dismiss is granted.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated: May 4, 2020　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
